J. S03003/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MARIANO MARTINEZ, : No. 520 EDA 2015
:
Appellant :


Appeal from the PCRA Order, January 30, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0010891-2007


BEFORE: FORD ELLIOTT, P.J.E., OTT AND JENKINS, JJ.


DISSENTING MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED JUNE 10, 2016**

I respectfully dissent. The Majority holds that appellant was likely prejudiced by trial counsel's failure to call appellant's wife and daughter to provide alibi testimony. (Majority memorandum at *13.) Specifically, the Majority cites the fact that appellant did not have a firearm on his person, nor was a weapon recovered from his home. (*Id.*) Additionally, no paraffin test was conducted to determine whether appellant had any gunpowder residue on his hands. (*Id.*) According to the Majority, "[t]he only evidence linking [appellant] to these crimes is the testimony of other witnesses, who gave varying descriptions of [appellant], and some of whom identified him while he was in the back of a police vehicle." (*Id.*)

The record, however, indicates that there is more evidence linking appellant to these crimes. In its finding of fact, the trial court determined the following:

> Detective Frank Green later arrived at the scene of the shooting to investigate and he discovered nine fired cartridge casings on the driveway where the shooting occurred and one projectile in a car parked in the driveway. **It was determined that the crime scene was the driveway in the rear of Appellant's residence**, and a search warrant was obtained. Two boxes of ammunition were recovered from the second floor bedroom closet of Appellant's residence.[1] It was determined that Appellant did not have a valid license to carry a firearm in accordance with the Pennsylvania Uniform Firearms Act.

Trial court opinion, 4/7/15 at 4-5 (emphasis added). The trial court also indicated that there were **three** positive eyewitness identifications: the two complainants, Robert Campellone and Dennis Decker, and Hugh Scott, who "observed [appellant] running out of the driveway in a crouched posture looking back over his shoulder, carrying a semi-automatic firearm in his right hand." (**Id.** at 4.) Campellone and Decker positively identified appellant as one of the shooters after he was detained by the police. (**Id.**)

Finally, in light of the above evidence, and with great respect to the Majority view, I fail to see how the affiants' testimony could alter the

---

[1] Detective Green discovered a box of .40 caliber rounds and .45 caliber rounds in in the closet in the second floor front bedroom in appellant's residence. (Notes of testimony, 8/5/08 at 18-19.) A spent .40 caliber round was discovered on the street behind 1529 East Lycoming Street, which is adjacent to appellant's residence at 4050 Neilson Street. (**Id.** at 8.)

outcome of the trial. Here, appellant avers that his wife, Carolyn Matos, and his 11-year-old daughter, D.F., would have provided testimony that accounts for appellant's whereabouts at the time of the shooting. Specifically, both witnesses provided affidavits indicating that they were with appellant at the time of the shooting. D.F.'s affidavit indicated that appellant was home all day before leaving for work, and that he was arrested "within seconds" of leaving the house. (D.F. affidavit, 7/9/12 at 1.) Matos' affidavit did not provide a definitive timeframe for when appellant was arrested. She stated that she "was at the door waiving [sic] good-bye to Mariano. My daughter, [D.F.] was also at the door with me. We looked with horror when the police grabbed [appellant] and placed him in handcuffs." (Matos affidavit, 7/9/12 at 1.)

The affidavits of the potential witnesses lacked a definitive timeframe in which appellant left his home to go to work. As the trial court noted, "[t]he proposed alibi testimony does not place [a]ppellant at home at the time he committed these crimes and there are three eyewitnesses to the shooting." (Trial court opinion, 4/7/15 at 7.)

Due to the fact that the crime scene was determined to be the driveway in the rear of appellant's residence, the exculpatory value of affiants' testimony decreases significantly. As the Commonwealth notes, appellant's presence at home does not preclude him from participating in the shooting. (**See** Commonwealth's brief at 9-10.) Neither Matos nor D.F.

definitively indicate in their affidavits that appellant was inside the house throughout the entire duration of the shooting. Therefore, I would find that the absence of testimony from Matos and D.F. did not so prejudice appellant as to deny him a fair trial, and that appellant's claim lacks arguable merit.

Therefore, I respectfully dissent.